Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiffs*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case Nos. 23-17-ELG to 23-28-ELG |
| | ) | |
| 1716 R Street Flats LLC; | ) | Chapter 11 |
| The Z Flats L.L.C.; | ) | |
| 1605 17th Street Flats LLC; | ) | (Jointly Administered Under Case No. |
| 1601 17th Place Flats LLC; | ) | 23-17) |
| 1609 17th Place Flats LLC; | ) | |
| The Lauravin Luxury Apartment Homes III | ) | |
| L.L.C.; | ) | |
| The Washingtonian L.L.C.; | ) | |
| 1616 27th Street Flats L.L.C.; | ) | |
| Lerae Towers II, LLC; | ) | |
| The Lerae Towers, LLC; | ) | |
| 4220 Ninth Street Flats LLC; | ) | |
| 4649 Hillside Road Flats LLC.; | ) | |
| | ) | |
| Debtors and Debtors in Possession | ) | |
| _____/ | ) | |
| | ) | |
| WCP Fund I LLC; | ) | Adversary Proceeding No. _____ |
| DP Capital LLC; | ) | |
| WCP Fund I LLC in its Capacity as Servicer | ) | |
| for 1Sharpe Opportunity Intermediate Trust; | ) | |
| WCP Fund I LLC in its Capacity as Servicer | ) | |
| for Pacific RBLF Funding Trust; | ) | |
| WCP Fund I LLC in its Capacity as Servicer | ) | |
| for U.S. Bank National Association, not in | ) | |
| its individual capacity but solely as trustee of | ) | |
| HOF Grantor Trust 1 | ) | |
| and | ) | |
| WCP Fund I LLC in its Capacity as Servicer | ) | |
| for SF NU, LLC, | ) | |
| | ) | |
|       Plaintiffs, | ) | |

1

|  | ) |
| :-- | :-- |
| v. | ) |
|  | ) |
| Richard Cunningham; | ) |
| Jesyl Crowdy-Volkens a/k/a Je'syl Crowdy- | ) |
| Volkens; | ) |
| 1716 R Street Flats LLC; | ) |
| The Z Flats L.L.C.; | ) |
| 1605 17th Street Flats LLC; | ) |
| 1601 17th Place Flats LLC; | ) |
| 1609 17th Place Flats LLC; | ) |
| The Lauravin Luxury Apartment Homes III | ) |
| L.L.C.; | ) |
| The Washingtonian L.L.C.; | ) |
| 1616 27th Street Flats L.L.C.; | ) |
| Lerae Towers II, LLC; | ) |
| The Lerae Towers, LLC; | ) |
| 4220 Ninth Street Flats LLC; and | ) |
| 4649 Hillside Road Flats LLC; | ) |
|  | ) |
|     Defendants. | ) |
| _____/ | ) |

## **COMPLAINT**

Come now WCP Fund I LLC ("WCP"), DP Capital LLC ("DPCL"), WCP Fund I LLC in

its Capacity as Servicer for SF NU, LLC ("SNL"), WCP Fund I LLC in its Capacity as Servicer

for 1Sharpe Opportunity Intermediate Trust ("1Sharpe"), WCP Fund I LLC in its Capacity as

Servicer for Pacific RBLF Funding Trust ("PRFT"), and WCP Fund I LLC in its Capacity as

Servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of

HOF Grantor Trust 1 ("HOF") (collectively, the "Plaintiffs"), by and through undersigned counsel,

pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3,

and as and for their complaint (the "Complaint") against Richard Cunningham ("Mr.

Cunningham"), Jesyl Crowdy-Volkens a/k/a Je'syl Crowdy-Volkens ("Ms. Volkens") (Mr.

Cunningham and Ms. Volkens being known as the "Individual Defendants"), 1716 R Street Flats

LLC ("1716 R St."); The Z Flats L.L.C. ("Z Flats"), 1605 17th Street Flats LLC ("1605 17th St.");

2

1601 17th Place Flats  LLC ("1601 17th Pl."), 1609 17th Place Flats LLC ("1609 17th Pl."), The

Lauravin Luxury Apartment Homes III L.L.C. ("Lauravin III"), The Washingtonian L.L.C.

("Washingtonian"), 1616 27th Street Flats L.L.C. ("1616 27th St."), The Lerae Towers, LLC

("Lerae II"), The Lerae Towers, LLC ("Lerae"), 4220 Ninth Street Flats LLC ("4220 Ninth St.")

and 4649 Hillside Road Flats LLC ("4649 Hillside Rd.") (1716 R St., Z Flats, 1605 17th St., 1601

17th Pl., 1609 17th Pl., Lauravin III, Washingtonian, 1616 27th St., Lerae II, Lerae, 4220 Ninth St.,

and 4649 Hillside Rd. being collectively known as the "Corporate Defendants") (the Individual

Defendants and the Corporate Defendants being collectively known as the "Defendants," and each

sometimes as a "Defendant") state as follows:

## Introduction

1.      Mr. Cunningham, Ms. Volkens, and the Corporate Defendants hereto have

undertaken a concerted, repetitive, and systematic scheme of forging documents, conveying those

forgeries through interstate wire communications systems, and using those forgeries to obtain

financing from one or more private lenders.

2.      Commencing not later than March 4, 2021, and extending through at least July 8,

2021, the Corporate Defendants – in furtherance of the financial interests of their respective equity

holders – pledged their real estate holdings as collateral for loans from WCP.

3.      WCP, being aware that six of the Corporate Defendants' real estate assets were

already encumbered by senior liens in favor of unrelated lenders, only agreed to extend financing

to the Corporate Defendants if there was sufficient equity in the Corporate Defendants' assets to

support such loans.

4.      So as to create the fraudulent illusion of there being sufficient equity, Mr.

Cunningham caused to be produced forged payoff statements from the lenders holding senior liens,

with the forgeries showing the then-extant collective secured debt to be approximately $4.6 million less than the sums actually due and owing to the respective financial institutions.

5.      Mr. Cunningham and Ms. Volkens then caused these forgeries to be conveyed to WCP, via e-mail, and represented said forgeries to be genuine bank documents, for the purpose of inducing WCP to extend loans.

6.      WCP, in express reliance on the forged bank documents produced by the Individual Defendants on behalf of the Corporate Defendants, proceeded to loan more than $18.6 million putatively secured by the Corporate Defendants' real property holdings.

7.      Each of the loans secured by the Corporate Defendants' assets ultimately defaulted and, on the eve of WCP foreclosing those assets (which, in turn, would have prompted WCP to commence servicing the senior debt of financial institutions and thusly discover the fraud of the Individual Defendants and the Corporate Defendants), the various Corporate Defendants each sought bankruptcy protection in this Honorable Court.

8.      Based on the forgeries shared by Mr. Cunningham and Ms. Volkens, on behalf of the respective Corporate Defendants, WCP extended more than $18.6 million in credit and now finds itself – and the entities that acquired the correlative promissory notes, for which WCP acts as a servicer – with recourse against real estate holdings having at least $4.6 million less in equity than was represented at the time the loans were made.

9.      The Plaintiffs accordingly now bring this suit to seek relief against each member of the criminal enterprise spearheaded by Mr. Cunningham.

**Parties**

10.      WCP is a Delaware limited liability company with its principal place of business being in the Commonwealth of Virginia.

11.     DPCL is a Virginia limited liability company with its principal place of business being in the Commonwealth of Virginia.

12.     SNL is a New Mexico limited liability company whose holdings relevant to the instant case are serviced by WCP.

13.     RBLF is a trust whose holdings relevant to the instant case are serviced by WCP.

14.     1Sharpe is a trust whose holdings relevant to the instant case are serviced by WCP.

15.     HOF is a trust whose holdings relevant to the instant case are serviced by WCP.

16.     Mr. Cunningham is a natural person who, upon information and belief, is a domiciliary of the District of Columbia.

17.     Ms. Volkens is a natural person who, upon information and belief, is a domiciliary of the District of Columbia.

18.     Each of the Corporate Defendants are District of Columbia limited liability companies that have filed petitions for relief, pursuant to the allowances of Section 301 of Title 11 of the United States Code, in this Honorable Court.

**Jurisdiction and Venue**

19.     This Honorable Court enjoys jurisdiction over the instant dispute pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as the claims set forth herein are related to jointly administered cases under Title 11 of the United States Code.

20.     Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1409 of Title 28 of the United States Code, as this matter relates to twelve cases under Title 11 of the United State Code that were commenced in the United States Bankruptcy Court for the District of Columbia.

**General Allegations: 1601 17th Street, SE, Washington, DC 20020**

21.　　On or about June 1, 2016, 1601 17th Pl. acquired title to an eponymous parcel of property, and those various improvements thereupon, in Washington, DC (the "1601 17th Pl. Property").

22.　　Thereafter, in or about October 2017, 1601 17th Pl. borrowed monies from Colombo Bank and granted the financial institution a deed of trust on the 1601 17th Pl. Property.

23.　　In or about 2020, Mr. Cunningham – acting on behalf of himself and 1605 17th St. – approached WCP about borrowing monies to finance the acquisition and development of a parcel of property in the District of Columbia (the "1605 17th St. Property").

24.　　WCP agreed to provide 1605 17th St. with a loan in the amount of $1,744,500.00, secured by the 1605 17th St. Property, but conditioned additional financing on the provision of additional collateral.

25.　　Mr. Cunningham, on behalf of himself, 1605 17th St. and 1601 17th Pl., offered to pledge the 1601 17th Pl. Property as additional collateral in exchange for a second loan in the amount of $815,000.00.

26.　　WCP, being made aware that debt already encumbered the 1601 17th Pl. Property, inquired as to the extent of that existing obligation.

27.　　Mr. Cunningham, on behalf of himself, 1605 17th St. and 1601 17th Pl., proceeded to provide WCP with a statement purportedly from FVCbank (the merged successor to Colombo Bank), dated July 17, 2020, showing the extant debt to be $328,798.96 (the "1601 17th Pl. Statement").

28.　　The 1601 17th Pl. Statement was a forgery, with the sum then due and owing to FVCbank being at least $775,000.00.

29.     The true amount due and owing to FVCbank, as of July 17, 2020, will be learned through discovery in this matter; WCP has reason to believe the number may well have been in excess of $775,000.00.

30.     Believing the equity of 1601 17th Pl. in the 1601 17th Pl. Property to be at least $446,201.04 more than actually existed, WCP proceeded to loan 1605 17th St. an additional $815,000.00, secured by both the 1601 17th Pl. Property and the 1605 17th St. Property.

31.     Following the closing of the at-issue loan, WCP sold the underlying promissory note to SNL, which has retained the services of WCP to continue servicing the obligation.

**General Allegations: 116 Emerson Street, NW, Washington, DC 20011**

32.     On or about January 9, 2019, Z Flats acquired title to the real property, and those various improvements thereupon, commonly known as 116 Emerson Street, NW, Washington, DC 20011 (the "Z Flats Property").

33.     Thereafter, in or about November 2020, Z Flats borrowed monies from Trustar Bank and granted the financial institution a deed of trust on the Z Flats Property.

34.     In or about late 2019 or early 2020, Mr. Cunningham – acting on behalf of himself and 1716 R St. – approached WCP about borrowing monies to finance the acquisition and development of a parcel of property in the District of Columbia (the "1716 R St. Property").

35.     WCP agreed to provide 1716 R St. with a loan in the amount of $1,766,150.00, secured by the 1716 R St. Property, but conditioned additional financing on the provision of additional collateral.

36.     Mr. Cunningham, on behalf of himself, 1716 R St., and Z Flats, offered to pledge the Z Flats Property as additional collateral in exchange for a second loan in the amount of $800,000.00.

37.     WCP, being made aware that debt already encumbered the 1716 R St. Property, inquired as to the extent of that existing obligation.

38.     Mr. Cunningham, on behalf of himself, Z Flats and 1716 R St., proceeded to provide WCP with a statement purportedly from Trustar Bank, dated January 26, 2021, showing the extant debt to be $757,355.79 (the "Z Flats Statement").

39.     The Z Flats Statement was a forgery, with the sum then due and owing to Trustar Bank being at least $1,400,000.00.

40.     The true amount due and owing to Trustar Bank, as of January 26, 2021, will be learned through discovery in this matter; WCP has reason to believe the number may well have been in excess of $1,400,000.00.

41.     Believing the equity of Z Flats in the Z Flats Property to be at least $642,644.21 more than actually existed, WCP proceeded to loan 1716 R St. an additional $800,000.00, secured by both the Z Flats Property and the 1716 R St. Property.

42.     Following the closing of the at-issue loan, WCP sold the underlying promissory note to SNL, which has retained the services of WCP to continue servicing the obligation.

**General Allegations: 537 Peabody Street, NW, Washington, DC 20011**

43.     On or about October 3, 2019, Lerae acquired title to the real property, and those various improvements thereupon, commonly known as 537 Peabody Street, NW, Washington, DC 20011 (the "Lerae Property").

44.     Thereafter, in or about July 2020, Lerae borrowed monies from Main Street Bank and granted the financial institution a deed of trust on the Lerae Property.

45.     In or about 2021, Mr. Cunningham – acting on behalf of himself and Lerae II – approached WCP about borrowing monies to finance the acquisition and development of a parcel of property in the District of Columbia (the "Lerae II Property").

46.     WCP agreed to provide Lerae II with a loan in the amount of $1,026,750.00, secured by the Lerae II Property, but conditioned additional financing on the provision of additional collateral.

47.     Mr. Cunningham, on behalf of himself, Lerae and Lerae II, offered to pledge the Lerae Property as additional collateral in exchange for a second loan in the amount of $560,000.00.

48.     WCP, being made aware that debt already encumbered the Lerae Property, inquired as to the extent of that existing obligation.

49.     On March 4, 2021, Ms. Volkens, on behalf of herself, Mr. Cunningham, Lerae, and Lerae II, proceeded to provide WCP with a statement purportedly from Main Street Bank, dated March 2, 2021, showing the extant debt to be $683,186.61 (the "Lerae Statement").

50.     The Lerae Statement was a forgery, with the sum then due and owing to Main Street Bank being at least $1,300,000.00.

51.     The true amount due and owing to Main Street Bank, as of March 2, 2021, will be learned through discovery in this matter; WCP has reason to believe the number may well have been in excess of $1,300,000.00.

52.     Believing the equity of Lerae in the Lerae Property to be at least $616,813.39 more than actually existed, WCP proceeded to loan Lerae II an additional $560,000.00, secured by both the Lerae II Property and the Lerae Property.

53.     Following the closing of the at-issue loan, WCP sold the underlying promissory note to SNL, which has retained the services of WCP to continue servicing the obligation.

### General Allegations: 1629 28th Street, SE, Washington, DC 20020

54.    On or about November 16, 2015, Lauravin III acquired title to the real property, and those various improvements thereupon, commonly known as 1629 28th Street, SE, Washington, DC 20020 (the "Lauravin III Property").

55.    Thereafter, in or about January 2020, Lauravin III borrowed monies from Arbor Commercial Funding I, LLC and granted the financial institution a deed of trust on the Lauravin III Property.

56.    In or about 2021, Mr. Cunningham – acting on behalf of himself and 1609 17th Pl. – approached WCP about borrowing monies to finance the acquisition and development of a parcel of property in the District of Columbia (the "1609 17th Pl. Property").

57.    WCP agreed to provide 1609 17th Pl. with a loan in the amount of $1,839,750.00, secured by the 1609 17th Pl. Property, but conditioned additional financing on the provision of additional collateral.

58.    Mr. Cunningham, on behalf of himself, 1609 17th Pl. and Lauravin III, offered to pledge the Lauravin III Property as additional collateral in exchange for a second loan in the amount of $832,750.00.

59.    WCP, being made aware that debt already encumbered the Lauravin III Property, inquired as to the extent of that existing obligation.

60.    Mr. Cunningham, on behalf of himself, 1609 17th Pl. and Lauravin III, proceeded to provide WCP with a statement purportedly from Arbor Multifamily Lending, LLC, dated March 17, 2021, showing the extant debt to be $1,000,782.00 (the "Lauravin III Statement").

61.    The Lauravin III Statement was a forgery, with the sum then due and owing to Arbor Commercial Funding I, LLC being at least $1,500,000.00.

62. The true amount due and owing to Arbor Commercial Funding I, LLC, as of March 17, 2021, will be learned through discovery in this matter; WCP has reason to believe the number may well have been in excess of $1,500,000.00.

63. Believing the equity of Lauravin III in the Lauravin III Property to be at least $499,218.00 more than actually existed, WCP proceeded to loan Lauravin III an additional $832,750.00, secured by both the Lauravin III Property and the 1609 17th Pl. Property.

64. WCP continues to own and service the at-issue loan.

**General Allegations: 1616 27th Street, SE, Washington, DC 20020**

65. On or about January 18, 2020, 1616 27th St. acquired title to the real property, and those various improvements thereupon, commonly known as 1616 27th Street, SE, Washington, DC 20020 (the "1616 27th St. Property").

66. Thereafter, in or about October 2020, 1616 27th St. borrowed monies from Congressional Bank and granted the financial institution a deed of trust on the 1616 27th St. Property.

67. In or about 2021, Mr. Cunningham – acting on behalf of himself and Washingtonian – approached WCP about borrowing monies to finance the acquisition and development of a parcel of property in the District of Columbia (the "Washingtonian Property").

68. WCP agreed to provide Washingtonian with a loan in the amount of $6,057,948.24, secured by the Washingtonian Property, but conditioned additional financing on the provision of additional collateral.

69. Mr. Cunningham, on behalf of himself, Washingtonian and 1616 27th St., offered to pledge the 1616 27th St. Property as additional collateral in exchange for a second loan in the amount of $2,800,000.00.

70.    WCP, being made aware that debt already encumbered the 1616 27th St. Property,
inquired as to the extent of that existing obligation.

71.    On May 8, 2021, Mr. Cunningham, on behalf of himself, Washingtonian and 1616
27th St., proceeded to provide WCP with a statement purportedly from Congressional Bank, dated
April 19, 2021, showing the extant debt to be $1,042,984.98 (the "1616 27th St. Statement").

72.    The 1616 27th St. Statement was a forgery, with the sum then due and owing to
Congressional Bank being at least $2,800,000.00.

73.    The true amount due and owing to Congressional Bank, as of April 19, 2021, will
be learned through discovery in this matter; WCP has reason to believe the number may well have
been in excess of $2,800,000.00.

74.    Believing the equity of 1616 27th St. in the 1616 27th St. Property to be at least
$1,757,015.02 more than actually existed, WCP proceeded to loan 1616 27th St. an additional
$2,800,000.00, with said obligated secured by both the 1616 27th St. Property and the
Washingtonian Property.

75.    Following the closing of the at-issue loan, WCP conveyed the underlying
promissory note to DPCL.

**General Allegations: 4649 Hillside Road, SE, Washington, DC 20019**

76.    On or about February 28, 2020, 4649 Hillside Rd. acquired title to the real property,
and those various improvements thereupon, commonly known as 4649 Hillside Road, SE,
Washington, DC 20019 (the "4649 Hillside Rd. Property").

77.    Thereafter, in or about May 2021, 4649 Hillside Rd. borrowed monies from Sandy
Spring Bank and granted the financial institution a deed of trust on the 4649 Hillside Rd. Property.

78.     In or about 2021, Mr. Cunningham – acting on behalf of himself and 4220 Ninth St. – approached WCP about borrowing monies to finance the acquisition and development of a parcel of property in the District of Columbia (the "4220 9th St. Property").

79.     WCP agreed to provide 4220 9th St. with a loan in the amount of $4,507,309.75, secured by the 4220 9th St. Property, but conditioned additional financing on the provision of additional collateral.

80.     Mr. Cunningham, on behalf of himself, 4220 Ninth St. and 4649 Hillside Rd., offered to pledge the 4649 Hillside Rd. Property as additional collateral in exchange for a second loan in the amount of $1,665,000.00.

81.     WCP, being made aware that debt already encumbered the 4649 Hillside Rd. Property, inquired as to the extent of that existing obligation.

82.     On July 8, 2021, Mr. Cunningham, on behalf of himself, 4220 Ninth St. and 4649 Hillside Rd., proceeded to provide WCP with a statement purportedly from Sandy Spring Bank, dated May 20, 2021, showing the extant debt to be $385,000.00 (the "4649 Hillside Rd. Statement").

83.     The 4649 Hillside Rd. Statement was a forgery, with the sum then due and owing to Congressional Bank being at least $980, 000.00.

84.     The true amount due and owing to Congressional Bank, as of May 20, 2021, will be learned through discovery in this matter.

85.     Believing the equity of 4649 Hillside Rd. in the 4649 Hillside Rd. Property to be at least $595,000.00 more than actually existed, WCP proceeded to loan 4220 9th St. an additional $1,665,000.00, with said obligated secured by both the 4649 Hillside Rd. Property and the 4220 9th St. Property.

86.     Following the closing of the at-issue loan, WCP conveyed the underlying promissory note to DPCL.

### Count I – Racketeering
### (All Defendants)

87.     The Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint, as though fully set forth herein.

88.     The Corporate Defendants are each owned, at least in part, by Mr. Cunningham.

89.     Ms. Volkens is the majority owner of Lerae and, upon information and belief, is a confidant and associate of Mr. Cunningham.

90.     Mr. Cunningham is the managing member of each of the Corporate Defendants, including Lerae.

91.     Mr. Cunningham and Ms. Volkens are separate and distinct legal persons, just as each of the Corporate Defendants are legally distinct corporate beings.

92.     Collectively, Mr. Cunningham, Ms. Volkens, and the Corporate Defendants carried out the conduct alleged herein as a singular enterprise, with the same pattern and practices being employed by both Mr. Cunningham and Ms. Volkens in their respective individual capacities as well as in their respective capacities as members and managers of the Corporate Defendants.

93.     Specifically, commencing not later than August 2020, and continuing through at least October 2021, for a period of time in excess of a full calendar year, Mr. Cunningham, Ms. Volkens, and the Corporate Defendants undertook a pattern of behavior whereby bank statements were forged for the express purpose of presenting said forgeries to WCP so as to obtain loans secured by not less than a dozen real property assets situated within the District of Columbia.

94.     Said forgeries were presented to WCP on not less than six separate occasions, during the relevant period of time in excess of a full calendar year, with each such forgery being

14

presented by either Mr. Cunningham and/or Ms. Volkens and being so presented through the utilization of interstate wire facilities (to wit, e-mail).

95.     The presentation of at least six separate forged documents, to WCP, during the relevant time period, constitutes a reoccurring pattern of conduct on the part of the Defendants herein.

96.     Each of the forged bank statements were transmitted for purposes of "obtaining money … by means of false or fraudulent pretenses, [or] representations," were transmitted by either Mr. Cunningham or Ms. Volkens "by means of wire … communication in interstate commerce," did constitute "writings," and were so transmitted "for the purpose of executing such scheme," in contravention of Section 1343 of Title 18 of the United States Code, being a predicate offense enumerated in Section 1961(1) of Title 18 of the United States Code.

97.     This racketeering conduct continues through the present date, with the fraudulent behavior now being "connected with a case under title 11," inasmuch as the Corporate Defendants have elected to utilize the bankruptcy system to relieve themselves of part of the fraudulently-procured obligations enumerated herein, with such also being a predicate offense enumerated in Section 1961(1) of Title 18 of the United States Code.

98.     As a direct result of the Defendants' enterprise's pattern of racketeering conduct, WCP loaned at least $4.6 million in funds, in excess of the credit lines it would have otherwise extended, believing such loans to be properly secured by the Corporate Defendants' equity in real estate assets.

WHEREFORE, pursuant to the allowances of Section 1964(c) of Title 18 of the United States Code, the Plaintiffs respectfully pray this Honorable Court (i) enter judgment in favor of WCP, and against each of the Defendants, jointly and severally, in a sum equal to threefold the

damages sustained by WCP, with such threefold damages believed to be not less than $1.5 million; (ii) enter judgment in favor of DPCL, and against each of the Defendants, jointly and severally, in a sum equal to threefold the damages sustained by DPCL, with such threefold damages believed to be not less than $6.9 million; (iii) enter judgment in favor of SNL, and against each of the Defendants, jointly and severally, in a sum equal to threefold the damages sustained by SNL, with such threefold damages believed to be not less than $5 million; (iv) enter judgment in favor of WCP, DPCL and SNL, and against each of the Defendants, jointly and severally, in a sum equal to the reasonable attorneys' fees incurred by the Plaintiffs in connection with their prosecution of this matter, pursuant to the allowances of Section 1964(c) of Title 18 of the United States Code; and (v) afford such other and further relief as may be just and proper.

**Count II – Fraud**
**(Against Mr. Cunningham, 1716 R St., Z Flats, 1605 17th St., 1601 17th Pl., 1609 17th Pl., Lauravian III, Washingtonian, 1616 27th St, 4220 Ninth St. and 4649 Hillside Rd.)**

99.     The Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint, as though fully set forth herein.

100.     In July 2020, Mr. Cunningham, 1605 17th St. and 1601 17th Pl. made a false representation to WCP through their transmission, to WCP, of the 1601 17th Pl. Statement, which was a forgery.

101.     In January 2021, Mr. Cunningham, 1716 R St. and Z Flats made a false representation to WCP through their transmission, to WCP, of the Z Flats Statement, which was a forgery.

102.     In March 2021, Mr. Cunningham, 1609 17th Pl. and Lauravian III made a false representation to WCP through their transmission, to WCP, of the Lauravian III Statement, which was a forgery.

103.    On May 8, 2021, Mr. Cunningham, Washingtonian and 1616 27th St. made a false representation to WCP through their transmission, to WCP, of the 1616 27th St. Statement, which was a forgery.

104.    On July 8, 2021, Mr. Cunningham, 4220 Ninth St. and 4649 Hillside Rd. made a false representation to WCP through their transmission, to WCP, of the 4649 Hillside Rd. Statement, which was a forgery.

105.    The information set forth in each of the foregoing forged documents was material in nature, inasmuch as the information concerned the secured debt owed to various third party financial institutions and, by necessary extension, the amount of equity held by the transmitting parties in the correlative real property assets.

106.    Mr. Cunningham and each of the Corporate Defendants named in this count knew the information transmitted was false as they were each in possession of information concerning the genuine debt owed to the various financial institutions.

107.    Additionally, it is reasonably suspected that discovery in this matter will produce information concerning the manner in which Mr. Cunningham either made – or caused to be made – the at-issue forged documents, further demonstrating his knowledge of the false nature of the assertions contained therein.

108.    The forgeries were each transmitted to WCP with the intent to deceive WCP, inasmuch as the forgeries were shared in an effort to induce WCP to loan monies with the false comfort of believing such loans would be protected by artificially-inflated equity cushions in various real estate assets securing those loans.

109.    WCP reasonably relied on these representations, believing mortgage statements bearing the letterhead of reputable financial institutions to be credible indicia of the debts owed to those financial institutions.

110.    In reliance upon these representations, WCP extended $6,912,750.00 in loans secured by the assets of the Corporate Defendants named in this count, with the sum presently due and owing on such loans being not less than $9,135,828.90.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) enter judgment in favor of WCP, and against Mr. Cunningham, 1609 17th Pl. and Lauravian III, jointly and severally, in the sum of $499,218.00, as and for actual damages; (ii) enter judgment in favor of WCP, and against Mr. Cunningham, 1609 17th Pl. and Lauravian III, jointly and severally, in the sum of $2.5 million, as and for punitive damages; (iii) enter judgment in favor of DPCL, and against Mr. Cunningham, Washingtonian and 1616 27th St., jointly and severally, in the sum of $1,757,015.02, as and for actual damages; (iv) enter judgment in favor of DPCL, and against Mr. Cunningham, Washingtonian and 1616 27th St., jointly and severally, in the sum of $8.5 million, as and for punitive damages; (v) enter judgment in favor of SNL, and against Mr. Cunningham, 1605 17th St. and 1601 17th St., jointly and severally, in the sum of $446,201.04, as and for actual damages; (vi) enter judgment in favor of SNL, and against Mr. Cunningham, 1605 17th St. and 1601 17th St., jointly and severally, in the sum of $2.3 million, as and for punitive damages; (vii) enter judgment in favor of SNL, and against Mr. Cunningham, Z Flats and 1716 R St., jointly and severally, in the sum of $642,644.21, as and for actual damages; (viii) enter judgment in favor of SNL, and against Mr. Cunningham, Z Flats and 1716 R St., jointly and severally, in the sum of $3.2 million, as and for punitive damages; (ix) enter judgment in favor of DPCL, and against Mr. Cunningham, 4220 Ninth St. and 4649 Hillside Rd., jointly and severally, in the sum of $595,000.00, as and for actual

18

damages; (x) enter judgment in favor of DPCL, and against Mr. Cunningham, 4220 Ninth St. and 4649 Hillside Rd., jointly and severally, in the sum of $3 million, as and for punitive damages; and (xi) afford such other and further relief as may be just and proper.

### Count III – Fraud
### (Against Ms. Volkens, Mr. Cunningham, Lerae and Lerae II)

111.    The Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint, as though fully set forth herein.

112.    On March 4, 2021, Ms. Volkens and Lerae made a false representation to WCP through their transmission, to WCP, of the Lerae Statement, which was a forgery.

113.    Ms. Volkens carbon copied Mr. Cunningham on the at-issue transmission, ensuring Mr. Cunningham was made aware – in a substantially contemporaneous fashion – of the transmission of the forgery.

114.    The information set forth in the Lerae Statement was material in nature, inasmuch as the information concerned the secured debt owed to Main Street Bank and, by necessary extension, the amount of equity held by Lerae in the Lerae Property.

115.    Ms. Volkens, Mr. Cunningham, Lerae and Lerae knew the information transmitted was false as they were in possession of information concerning the genuine debt owed to Main Street Bank by Lerae.

116.    The forgery was transmitted to WCP with the intent to deceive WCP, inasmuch as the forgery was shared in an effort to induce WCP to loan monies with the false comfort of believing such loan would be protected by an artificially-inflated equity cushion in the Lerae Property.

117.    WCP reasonably relied on this representation, believing a mortgage statement bearing the letterhead of Main Street Bank to be credible indicia of the debt owed to Main Street Bank.

118.    In reliance upon this representation, WCP extended a $560,000.00 loan secured by the assets of Lerae, with the sum presently due and owing on such loan being not less than $733,119.73.

WHEREFORE, SNL respectfully prays this Honorable Court (i) enter judgment in favor of SNL, and against Ms. Volkens, Mr. Cunningham, Lerae and Lerae II, jointly and severally, in the sum of $616,813.39, as and for actual damages; (ii) enter judgment in favor of SNL, and against Ms. Volkens, Mr. Cunningham, Lerae and Lerae II, jointly and severally, in the sum of $3 million, as and for punitive damages; and (iii) afford such other and further relief as may be just and proper.

**Count IV – Negligent Misrepresentation**
**(Against Mr. Cunningham, 1716 R St., Z Flats, 1605 17th St., 1601 17th Pl., 1609 17th Pl., Lauravian III, Washingtonian, 1616 27th St, 4220 Ninth St. and 4649 Hillside Rd.)**

119.    The Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint, as though fully set forth herein.

120.    In July 2020, Mr. Cunningham, 1605 17th St. and 1601 17th Pl. made a false representation to WCP through their transmission, to WCP, of the 1601 17th Pl. Statement, which was a forgery.

121.    In January 2021, Mr. Cunningham, 1716 R St. and Z Flats made a false representation to WCP through their transmission, to WCP, of the Z Flats Statement, which was a forgery.

122.    In March 2021, Mr. Cunningham, 1609 17th Pl. and Lauravian III made a false representation to WCP through their transmission, to WCP, of the Lauravian III Statement, which was a forgery.

123.    On May 8, 2021, Mr. Cunningham, Washingtonian and 1616 27th St. made a false representation to WCP through their transmission, to WCP, of the 1616 27th St. Statement, which was a forgery.

124.    On July 8, 2021, Mr. Cunningham, 4220 Ninth St. and 4649 Hillside Rd. made a false representation to WCP through their transmission, to WCP, of the 4649 Hillside Rd. Statement, which was a forgery.

125.    The information set forth in each of the foregoing forged documents was material in nature, inasmuch as the information concerned the secured debt owed to various third party financial institutions and, by necessary extension, the amount of equity held by the transmitting parties in the correlative real property assets.

126.    WCP reasonably relied on these forged documents, believing mortgage statements bearing the letterhead of reputable financial institutions to be credible indicia of the debts owed to those financial institutions.

127.    In reliance upon these representations, WCP extended $6,912,750.00 in loans secured by the assets of the Corporate Defendants named in this count, with the sum presently due and owing on such loans being not less than $9,135,828.90.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) enter judgment in favor of WCP, and against Mr. Cunningham, 1609 17th Pl. and Lauravian III, jointly and severally, in the sum of $499,218.00, as and for actual damages; (ii) enter judgment in favor of DPCL, and against Mr. Cunningham, Washingtonian and 1616 27th St., jointly and severally, in the sum of

21

$1,757,015.02, as and for actual damages; (iii) enter judgment in favor of SNL, and against Mr. Cunningham, 1605 17th St. and 1601 17th St., jointly and severally, in the sum of $446,201.04, as and for actual damages; (iv) enter judgment in favor of SNL, and against Mr. Cunningham, Z Flats and 1716 R St., jointly and severally, in the sum of $642,644.21, as and for actual damages; (v) enter judgment in favor of DPCL, and against Mr. Cunningham, 4220 Ninth St. and 4649 Hillside Rd., jointly and severally, in the sum of $595,000.00, as and for actual damages; and (vi) afford such other and further relief as may be just and proper.

### Count V – Negligent Misrepresentation
### (Against Ms. Volkens, Mr. Cunningham, Lerae and Lerae II)

128.    The Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint, as though fully set forth herein.

129.    On March 4, 2021, Ms. Volkens, Lerae and Lerae II made a false representation to WCP through their transmission, to WCP, of the Lerae Statement, which was a forgery.

130.    Ms. Volkens carbon copied Mr. Cunningham on the at-issue transmission, ensuring Mr. Cunningham was aware – in a substantially contemporaneous time – of the transmission of the forgery.

131.    At no time did Mr. Cunningham disclose to WCP that the at-issue document was a forgery.

132.    The information set forth in the Lerae Statement was material in nature, inasmuch as the information concerned the secured debt owed to Main Street Bank and, by necessary extension, the amount of equity held by Lerae in the Lerae Property.

133.    WCP reasonably relied on the forgery, believing a mortgage statement bearing the letterhead of Main Street Bank to be credible indicia of the debt owed to Main Street Bank.

22

134.    In reliance upon this representation, WCP extended a $560,000.00 loan secured by the assets of Lerae, with the sum presently due and owing on such loan being not less than $733,119.73.

WHEREFORE, SNL respectfully prays this Honorable Court (i) enter judgment in favor of SNL, and against Ms. Volkens, Mr. Cunningham, Lerae and Lerae II, jointly and severally, in the sum of $616,813.39, as and for actual damages; and (ii) afford such other and further relief as may be just and proper.

### Count VI – Breach of Contract
### (Against 1716 R St., 1605 17th St., 1609
### 17th St., Washingtonian, Lerae II and 4220 Ninth St.)

135.    The Plaintiffs incorporate by reference each and every foregoing paragraph of this Complaint, as though fully set forth herein.

136.    As noted *passim*, WCP extended twelve loans to six of the various Corporate Defendants, with the other six Corporate Defendants each pledging their respective assets as collateral for six of the twelve loans.

137.    WCP performed fully its obligations pursuant to each such loan but funding the monies to be paid over to the Corporate Defendants.

138.    WCP has retained certain of the subject promissory notes, while others have been conveyed to DPCL, SNL, 1Sharpe, HOF and RBLF.

139.    The Corporate Defendants have breached their obligations by failing to repay each and every loan pursuant to the terms of each loan's correlative promissory note.

140.    These breaches have caused WCP, DPCL, SNL, 1Sharpe, HOF and RBLF to incur damages in the cumulative sum of $34,770,710.55.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) enter judgment in favor of 1Sharpe, and against 1716 R St., in the sum of $528,179.29; (ii) enter judgment in favor

of SNL, and against 1716 R St., in the sum of $1,068,033.08; (iii) enter judgment in favor of

1Sharpe, and against 1605 17th St., in the sum of $537,086.86; (iv) enter judgment in favor of SNL,

and against 1605 17th St., in the sum of $1,122,419.76; (v) enter judgment in favor of RBLF, and

against 1609 17th St., in the sum of $377,888.53; (vi) enter judgment in favor of WCP, and against

1609 17th St., in the sum of $1,099,166.16; (vii) enter judgment in favor of 1Sharpe, and against

Washingtonian, in the sum of $7,513,859.05; (viii) enter judgment in favor of DPCL, and against

Washingtonian, in the sum of $3,692,653.71; (ix) enter judgment in favor of 1Sharpe, and against

Lerae II, in the sum of $1,335,117.51; (x) enter judgment in favor of SNL, and against Lerae II, in

the sum of $733,493.06; (xi) enter judgment in favor of HOF, and against 4220 Ninth St., in the

sum of $4,730,718.39; (xii) enter judgment in favor of DPCL, and against 4220 Ninth St., in the

sum of $2,158,164.69; (xiii) award the various Plaintiffs their necessary and reasonable attorneys'

fees incurred in connection with the prosecution of this matter, pursuant to the allowances of the

pertinent loan documents, and reduce the same to judgment; and (xiv) afford such other and further

relief as may be just and proper.

Respectfully submitted,

Dated: April 16, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone/Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiffs*